Muhammad Aamir SHEIKH,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–74942.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 26, 2007.

Law Office of Kanwal Singh, Modesto, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mark L. Gross, Esq., U.S. Department of Justice Civil Rights Division/Appellate Section, Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Muhammad Aamir Sheikh, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an Immigration Judge's ("IJ") decision denying his applica-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition for review.

Substantial evidence supports the BIA's conclusion that Sheikh did not present credible testimony regarding his involvement with the Pakistan People's Party Human Rights Cell. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001). The BIA pointed to material inconsistencies between the testimony and a letter allegedly written by a doctor who treated Sheikh after his detention. *See id.* Because the letter from Dr. Ahmed was submitted to corroborate the alleged acts of persecution that Sheikh endured, it was central to Sheikh's claim and supports the BIA's conclusion that Sheikh was not credible. *See Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir.2004) (concluding that documents with questionable genuineness that go to the heart of the claim may justify adverse credibility finding).

In the absence of credible evidence, Sheikh has failed to show eligibility for asylum or withholding. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Because Sheikh's claim under the CAT is based on the same facts that the BIA found to be not credible, and Sheikh points to no other evidence that the BIA should have considered, he has failed to establish eligibility for relief under the CAT. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**